## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH D. LOWMAN, 18047-510, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 23-cv-02484-JPG |
| CAPTAIN COLLINS, SGT. MOORE, SGT. BROWN, and SGT. MESSY, | ) ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Lowman brings this action pursuant to 28 U.S.C. § 1331[1] for deprivations of his constitutional rights at St. Clair County Jail. (Doc. 1). In his Complaint, Plaintiff asserts claims for money damages against four defendants who delayed his dental care and disregarded his complaints of food contamination from August 2022 until June 2023. *Id*.

The Complaint is before the Court for screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff's claims are actually governed by 42 U.S.C. § 1983 because he sues state or local actors for deprivations of his constitutional rights at St. Clair County Jail. *See Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013) (Section 1983 governed claims brought by administrator of estate of federal pretrial detainee against county and county jail officials because contract between feds and county jail that housed federal and nonfederal inmates did not transform county officials into federal actors).

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 5-9): Plaintiff was housed at St. Clair County Jail as a federal pretrial detainee (August 22, 2022 – November 30, 2022) and federal inmate (November 30, 2022 – June 13, 2023). His claims against all four defendants arose before and after his conviction on November 30, 2022. *Id*.

Beginning in September 2022, Plaintiff submitted daily requests for treatment of bleeding gums, cracked teeth, and dental pain. Defendants denied or disregarded them. He was not seen by a dentist until February 2023. Because of this delay in dental care, Plaintiff's health deteriorated, and he endured unnecessary dental pain. *Id*.

Beginning in August or September 2022, Plaintiff submitted regular complaints about undercooked, overcooked, and moldy food. He reported stomach pain, nausea, gas, vomiting, and headaches after consuming the food. The defendants took no action to stop the Jail's kitchen staff, "Mary" and "Floyd," from serving raw bread dough, overcooked rice, undercooked beans, undercooked potatoes, and cold food on moldy trays. As a result, Plaintiff endured illness, pain, and malnourishment. *Id*.

While at the Jail, Plaintiff filed at least seventy requests, complaints, or grievances concerning the denial of dental care and inadequate food preparation. Sergeants Moore, Brown, and Messy denied or disregarded each one, and Captain Collins approved their responses. Plaintiff now seeks money damages from all four defendants for their role in delaying his dental care and denying him a safe, nutritionally adequate diet. *Id*.

**Discussion**

Based on the allegations in the *pro se* Complaint, the Court finds it convenient to designate two counts in this action:

**Count 1:**   Eighth and/or Fourteenth Amendment claim against Defendants for disregarding, delaying, or denying Plaintiff's requests for dental treatment at the Jail from September 2022 until June 2023.

**Count 2**:   Eighth and/or Fourteenth Amendment claim against Defendants for disregarding or denying Plaintiff's complaints of foodborne illness stemming from inadequately prepared food at the Jail from August 2022 until June 2023.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

Counts 1 and 2 are governed by the Eighth and/or Fourteenth Amendment(s). The applicable legal standard for these claims depends on Plaintiff's status as a pretrial detainee or convicted prisoner at the time each claim arose. According to the Complaint, Plaintiff was a pretrial detainee (August 2022 – November 2022) *and* a convicted prisoner (November 2022 – June 2023) during the relevant time period. The Court will review his claims under both standards.

The Fourteenth Amendment Due Process Clause governs claims for unconstitutional conditions of confinement brought by a pretrial detainee. The Court first considers whether "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling" of the detainee's serious condition. *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The Court then asks "whether the challenged conduct was objectively reasonable" based on "the totality of the facts and circumstances faced by the individual" defendant. *Id*. Negligence falls short of this standard. *Id*.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

The Eighth Amendment prohibits cruel and unusual punishment of prisoners. U.S. CONST. amend VIII.  When presented with a claim for unconstitutional conditions of confinement, the Court considers whether the plaintiff has described a sufficiently serious condition (objective component) and whether each defendant has responded with deliberate indifference (subjective component).  *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

**Count 1** survives screening again the defendants under both standards.  Plaintiff describes an objectively serious dental condition, consisting of daily bouts of bleeding gums, cracked teeth, and dental pain.  *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005) (dental pain, bleeding gums, and broken teeth considered objectively serious).  He also describes a response by the defendants that was objectively unreasonable or deliberately indifferent, when they chose to ignore his ongoing complaints and requests for dental care.  *Green v. Beth,* 663 F. App'x 471, 473 (7th Cir. 2016) (deliberate indifference shown by inexplicable delay of six days in treating broken teeth and serious pain caused by biting a rock in contaminated food).  This claim shall proceed against Sergeant Moore, Sergeant Brown, Sergeant Messy, and Captain Collins.

**Count 2** also survives preliminary review against the defendants.  Improperly prepared food that leads to illness, pain, and malnourishment is a sufficiently serious condition.  *Id*. at 473 (ongoing problem with injuries caused by food contamination sufficiently serious); *Prude v. Clark*, 675 F.3d 732, 734 (7th Cir. 2012) ("sickening food" causing weight loss, vomiting, stomach pains, and possible anal fissure would violate Eighth Amendment); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1983) (inmate's right to a healthy and habitable environment includes nutritionally adequate food prepared and served under conditions posing no immediate danger to his health).  Defendants' denial or disregard of the plaintiff's complaints about under/overcooked food, moldy

4

trays, and foodborne illness provide grounds for his claims against them under the Fourteenth and Eighth Amendment. Count 2 survives review against all four individual defendants.

## Disposition

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A. **COUNTS 1** and **2** will proceed against Defendants **SERGEANT MOORE, SERGEANT BROWN, SERGEANT MESSY,** and **CAPTAIN COLLINS**, in their individual capacities. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Because Counts 1 and 2 arise from the alleged denial of dental care and inadequate nutrition, the Clerk's Office is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **SERGEANT MOORE, SERGEANT BROWN, SERGEANT MESSY,** and **CAPTAIN COLLINS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of documents and may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/27/2023**               s/J. Phil Gilbert
                                   **J. PHIL GILBERT**
                                   **United States District Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.