UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH LOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-02484-GCS |
| | ) |
| CAPTAIN COLLINS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION

Currently before the Court is Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. (Doc. 40). Defendants filed the Motion for Summary Judgment on January 30, 2024. *Id.* Plaintiff filed a Response to Defendants' Motion on March 14, 2024. (Doc. 42). For the reasons outlined below, the Court **DENIES** Defendants' Motion for Summary Judgment. (Doc. 40).

### PROCEDURAL BACKGROUND

On July 17, 2023, Plaintiff Joseph Lowman ("Lowman") filed a complaint against Captain Shan Collins ("Collins"), Sgt. Anthony Brown ("Brown"), Sgt. Thomas Mesey ("Mesey"), and Sgt. Delancy Moore ("Moore"). (Doc. 1). In his complaint, Plaintiff alleges that each Defendant ignored his grievances regarding inadequate medical care for "dental bleeding, cracked teeth, and pain." (Doc. 1, p. 6). Plaintiff also alleges that each Defendant ignored his grievances regarding the quality of the food served, which

resulted in "stomach pain, vomiting, nausea, hurtful gas, and many nights near starving." (Doc. 1, p. 9). On September 27, 2023, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Doc. 9). The Court distilled Plaintiff's allegations into two counts:

> **Count 1:** Eighth and/or Fourteenth Amendment claim against Defendants for disregarding, delaying, or denying Plaintiff's requests for dental treatment at the Jail from September 2022 until June 2023.
>
> **Count 2:** Eighth and/or Fourteenth Amendment claim against Defendants for disregarding or denying Plaintiff's complaints of foodborne illness stemming from inadequately prepared food at the Jail from August 2022 until June 2023.

(Doc. 9, p. 3). Both Counts 1 and 2 survived screening and proceeded against Defendants Moore, Mesey, Brown, and Collins. *Id.* at p. 5.

## FACTUAL BACKGROUND

Plaintiff was incarcerated at the St. Clair County Jail ("Jail") from August 23, 2022, to June 13, 2023. (Doc. 40, Exh. 1, p. 1). From August 2022 to November 2022, Plaintiff was held as a federal pre-trial detainee. (Doc. 9, p. 3). From November 2022 to June 2023, Plaintiff was held as a convicted prisoner and federal inmate.[1] *Id.* During his time at the Jail, Plaintiff filed 42 complaints and 19 grievances. (Doc. 40, Exh. 2, p. 3). On five occasions, Plaintiff complied with the Jail's two-step complaint procedure and addressed allegations within the scope of Counts 1 and 2.

---

[1] Claims arising while Plaintiff was a pre-trial detainee are governed by the 14th amendment. Claims arising after Plaintiff was convicted are governed by the 8th amendment. (Doc. 9, pg. 3).

1.   *Complaint No. 8988 / Grievance No. 9059*

On October 4, 2022, Plaintiff lodged a medical complaint about an "over 1 month wait after filing emergency sick call for dental bleeding and pain due to wisdom teeth." (Doc. 40, Exh. 4, p. 1). In this complaint, Plaintiff requested the identities of the officers involved "for purposes of accountability and litigation if this situation is brushed off." *Id.* Captain Collins responded, saying "Detainee will need to enter a sick call if having pain in his teeth . . . . Detainee was screened by medical staff on 8/23/22 and had no complaints of pain." *Id.* The complaint was closed on October 7, 2022. *Id.*

On October 7, 2022, Plaintiff filed a grievance, saying that his complaint was closed by "an anonomys [sic] officer." (Doc. 40, Exh. 4, p. 47). Plaintiff stated the following: "I have placed a sick call in for dental bleeding and pain and received no response there after [sic] . . . I will now be filling out my 3rd total sick call slip. 2nd for this issue in particular. If it is not answered specifically and within a timely manner, please consider it will be documented outside of this institution for litigation." *Id.* Captain Collins responded, "Detainee will be placed on NSC on 10/12/22 for complaints of pain to wisdom tooth area." *Id.*

2.   *Complaint No. 10893 / Grievance No. 11277*

On December 27, 2022, Plaintiff filed a kitchen complaint about undercooked food and wet trays. (Doc. 40, Exh. 4, p. 10). Plaintiff stated: ". . . [O]ngoing in D Black, we are being served food under and over cooked on a regular basis. It is a useless suggestion to bring this to a CO attention when it serves no purpose for a solution. The trays are wet.

The breakfast bread is raw and without a doubt the portions are not regulated." *Id.* Captain Collins responded on January 11, 2023, stating "the portions are according to the menu not according to the opinion of the detainee. I will look into the wet tray situation." *Id.*

Plaintiff filed a timely grievance on January 11, 2023, noting he had received "no solution responses" to his complaint. (Doc. 40, Exh. 4, p. 56). The grievance was marked closed with no response. *Id.*

### 3. *Complaint No. 11083 / Grievance No. 11187*

On January 3, 2023, Plaintiff filed another kitchen complaint about wet food and "salad so old the browning from age was visible." (Doc. 40, Exh. 4, p. 13). On January 3, 2023, Captain Collins responded and requested that Plaintiff notify a block officer if there was an issue with the food quality. *Id.* On January 5, 2023, Captain Collins submitted a second response, saying "it is very hard to get all the food itmes [sic] on the trays." *Id.*

Plaintiff filed a timely grievance on January 7, 2023, complaining of "another useless response." (Doc. 40, Exh. 4, p. 55). Plaintiff claimed that he had notified "CO Bernard" of the issue, but that "she denied it being brought to her attention." *Id.* Further, Plaintiff stated that the "refusal to offer solutions is documented." *Id.* On January 7, 2023, Mary Robinson responded and stated that the "kitchen supervisor was notified of the situation." *Id.* Sergeant Anthony Brown noted that the "Captain approved this message" on January 31, 2023. *Id.*

### 4. *Complaint No. 11405 / Grievance No. 11462*

On January 17, 2023, Plaintiff filed an additional kitchen complaint about wet and undercooked food. (Doc. 40, Exh. 4, p. 14). On the same day, Captain Collins responded and again requested that Plaintiff notify a block officer if there were any issues with food quality. *Id.* Captain Collins also noted that "we serve according to the menu and recipes not your personal preference." *Id.*

On January 18, 2023, Plaintiff filed a timely grievance. (Doc. 40, Exh. 4, p. 57). Plaintiff complained that COs are difficult to contact after the meal trays are distributed, since they are "gone before [the trays] touch the table" and they "play dumb and deny knowledge." *Id.* The grievance was closed with no response. *Id.*

### 5. *Complaint No. 14949/ Grievance No. 15405*

On May 26, 2023, Plaintiff complained that his previous complaints had gone unanswered and problems with the kitchen staff had not been resolved, thus leading to health issues. (Doc. 40, Exh. 4, p. 40). Captain Collins responded on June 6, 2023. *Id.* Captain Collins told Plaintiff that he already had a complaint open, and that he "want[ed] to complain regardless." *Id.* The complaint was closed on June 7, 2023. *Id.*

Plaintiff filed a timely grievance on June 9, 2023, again noting that problems with kitchen staff and food quality had not been addressed by administration, despite Plaintiff's numerous complaints. (Doc. 40, Exh. 4, p. 62). Captain Collins responded on June 10, 2023, telling Plaintiff that "Kitchen supervisors monitor trays before exiting the

kitchen," and again instructing Plaintiff to notify a Block Officer of any problems with food trays. *Id*. The grievance was closed on June 12, 2023.

## LEGAL STANDARDS

Summary judgment is proper when the record demonstrates no genuine issue of material fact between the parties. *See* FED. R. CIV. PROC. 56(a). In determining whether to grant a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013). Under *Pavey*, however, "any debatable factual issues relating to the defense of failure to exhaust administrative remedies" are to be resolved by the judge rather than a jury. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Therefore, the judge must decide whether the prisoner has exhausted the available administrative remedies before permitting pre-trial discovery on the merits. *Id.* at 742. Defendants carry the burden of proof in a motion for summary judgment for failure to exhaust administrative remedies. *See Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

The Prison Litigation Reform Act ("PLRA") governs lawsuits by prisoners. *See* 42 U.S.C. § 1997e(a). The PLRA requires that no action against a prison be brought until "such administrative remedies as are available are exhausted." *Id.* A plaintiff must exhaust administrative remedies before filing suit. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). To exhaust administrative remedies, a plaintiff's grievances must align with the allegations of his lawsuit to be properly exhausted. *See King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023). Additionally, "a prisoner must file complaints and appeals in the

place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

As an inmate at the St. Clair County Jail, Plaintiff was required to comply with the Jail's established grievance procedure. The Jail had a two-step grievance procedure, which required inmates to file a complaint through an electronic kiosk. (Doc. 40, Exh. 3, p. 33-35). Complaints "must list the date, time, and location of the complaint." *Id.* at p. 33. Complaints must also list the names of any officers involved in the incident. *Id.* Once a complaint has been closed, a prisoner may file a grievance "within (48) hours of receiving an unsatisfactory closed complaint." *Id.* at p. 34. Grievances must "reference the first complaint number that was unsatisfactory." *Id.* A grievance is the second and final step in the Jail's grievance process. *Id.* at p. 35.

## DISCUSSION

Defendants first assert that Plaintiff cannot assert a claim of liability against Defendants Brown, Messy, or Moore because of their limited involvement in the grievance procedure process. (Doc. 40, p. 8). Similarly, Defendants argue that Plaintiff cannot assert a claim against Defendant Collins because the 7th Circuit has carved out a limited rule precluding liability for an individual's role in the grievance review process. (Doc. 40, p. 13) (citing *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). The Court believes these arguments should be reserved for the merits portion of Plaintiff's case, and thus such arguments are inappropriate to consider at the exhaustion phase. Thus, the Court

will not address Defendants' merits-based arguments at this juncture. However, Defendants do make several exhaustion-based arguments that the Court will consider.

First, Defendants assert that Plaintiff failed to exhaust his administrative remedies regarding Brown, Mesey, or Moore because he failed to name the Sergeants in any of his grievances concerning an inadequate response to his complaints about food or dental care. (Doc. 40, p. 12).  It is true that the Jail's grievance procedure provides that: "[i]f the complaint involves an Officer the name of the Officer or Officers must also be listed" in the complaint. (Doc. 40, Exh. 3, p. 33). However, any argument Defendants have made pertaining to Plaintiff's failure to name them within any grievance/complaint, has been waived because the facility responded to the grievances identified above without any objection to this alleged procedural short coming.

In *Maddox v. Love*, the plaintiff failed to name or describe the defendants in his grievances. 655 F.3d 709, 721 (7th Cir. 2011). However, the facility failed to question the plaintiff's compliance with the grievance process and his grievances were rejected on the merits at every stage without any indication from the prison officials that it was procedurally deficient. *Id. See also Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005). The same is true in the present case before the Court. Plaintiff failed to name the officers involved in his grievances/complaints. The officers who replied did not acknowledge Plaintiff's non-compliance with the Jail's naming policy, rather they proceeded to reply to Plaintiff about the merits of his issues. Moreover, there are instances in the record where the Jail responded to Plaintiff indicating that his complaint/grievance did not meet

requirements. *See, e.g.*, (Doc. 43, p. 7) (responding to Plaintiff that grievance did not meet requirements); (Doc. 43, p. 13) (same). Accordingly, Defendants cannot rely on Plaintiff's failure to name the officers involved as a defense.

Plaintiff has also supplied the Court with an example of a complaint/grievance where an officer did not respond to Plaintiff at all. Plaintiff pointed out that officers failed to respond to Grievance 11462, which was filed after Plaintiff received a response to Complaint 11405. (Doc. 43, p. 6). In Complaint 11405, Plaintiff complained about "another disrespectful breakfast tray" and indicated his frustration with the grievance process stating, "assuming this complaint is even answered it is expected to go unresolved." *Id.* at p. 5. Upon review of the record, the Court has identified an additional Grievances that went unanswered – namely Grievance 11277 (Doc. 40, Exh. 4, p. 56). The grievance's "status" reads that it was "closed" because the complaint was determined to be "unfounded" but there was no formal response from the Jail in the section designed for such a response. *Id.*

An officer's lack of response can be viewed as frustrating plaintiff's access to the grievance process. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting if a prison employee does not respond to a plaintiff's properly filed grievance, then the remedy is unavailaible). Accordingly, the Court finds Plaintiff was prevented from exhausting Grievance 11462 and Grievance 11277 as an officer never responded to Plaintiff's

complaint about the quality of the breakfast trays and historic lack of response to similar complaints.[2]

Lastly, Defendants argue that Plaintiff failed to exhaust because he did not notify a Block Officer of problems with his food tray. The Jail's grievance procedure, however, does not include this requirement. *See* (Doc. 40, Exh. 3). Rather, Plaintiff was instructed to notify a Block Officer after filing a complaint about the Jail's food trays. (Doc. 40 Exh. 4, p. 8). Defendants rely on *Pozo v. McCaughtry* to support the claim that prisoners must "follow the rules of the institution in order to exhaust administrative remedies." (Doc. 40, p. 17). The court in *Pozo* held that an inmate must comply with the prison's timing and location requirements to properly exhaust administrative remedies. *See Pozo*, 286 F.3d at 1025. It does not support the argument that a detainee must comply with new and/or additional administrative requirements introduced in response to a complaint.

Even if Plaintiff was required to notify a Block Officer to exhaust a claim about a particular food tray, Count 2 is not about the quality of a particular food tray. Rather, Plaintiff alleges a pattern of disregarding or denying his complaints related to food service. (Doc. 9, p. 3). The question of whether any given complaint about the quality of a food tray was exhausted is irrelevant at this stage in the litigation. It is only relevant

---

[2] The record also contains an instance where the Plaintiff's complaint about the food quality went unanswered. *See, e.g.,* (Doc. 43, p. 11) (reflecting kitchen complaint made on February 25, 2023, with no response). This complaint clearly aligns with the allegations in Plaintiff's lawsuit, and the lack of a response is thus sufficient for this Court to also find that the grievance process was frustrated.

that Plaintiff exhausted a grievance complaining about the lack of response he received in response to his complaints about the food quality at the St. Clair County Jail.

## CONCLUSION

For the reasons set out above, the Court **DENIES** Defendants' Motion for Summary Judgment. (Doc. 40).

**IT IS SO ORDERED.**

**DATED: September 30, 2024.**

Digitally signed by Judge Sison
Date: 2024.09.30
15:38:08 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**